7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Geraldo GARCIA-SALAZAR, Defendant-Appellant.
 No. 93-2005.
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.[2]
 ORDER AND JUDGMENT[1]
 Mr. Garcia-Salazar entered a conditional plea to possession with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A). He now appeals the district court's denial of his motion to suppress evidence seized at a border patrol checkpoint.
 The district court found that border patrol agents had a sufficient basis to refer Mr. Garcia-Salazar's vehicle from a primary to a secondary area, and concluded that Mr. Garcia-Salazar then consented to the search of his vehicle. The district court also determined probable cause existed to search the compartment of the vehicle based on a trained dog's alerting to the vehicle.
 No individualized suspicion is necessary to refer a vehicle at a border checkpoint from a primary to a secondary area. United States v. Martinez-Fuerte, 428 U.S. 543, 563 (1976); United States v. Ludlow, 992 F.2d 260, 263-64 (10th Cir.1990). Border patrol agents have unlimited discretion selectively to refer cars to the secondary inspection area. INS v. Delgado, 466 U.S. 210, 224 n.6 (1984) (Powell, J., concurring); Ludlow, 992 F.2d at 263.
 
 
 1
 Continued investigative detention beyond that necessary to enforce immigration laws (at either primary or secondary), however, must be supported by "suspicious circumstances." Ludlow, 992 F.2d at 263. Further detention or investigation beyond this requires consent or probable cause. United States v. Sanders, 937 F.2d 1495, 1499 (10th Cir.1991). Here, suspicious circumstances supported further investigation at the secondary area. The agent was unfamiliar with the 1963 Volkswagen Karmann Ghia which Mr. Garcia-Salazar was driving and suspected that the "unaccounted for" space between the back seat and the engine was a false compartment. Although the suspicion proved false, the district court found that it was not unreasonable under the circumstances and we agree.
 
 
 2
 The district court also found that Mr. Garcia-Salazar voluntarily consented to the search of his vehicle. Although the government contends that the issue was not preserved for appeal, defense counsel raised the issue of voluntariness at the suppression hearing. Tr. at 80. The government argued that the "main focus of the hearing seemed to be the validity of the consent" and argued against a finding of coercion. Tr. at 79. Moreover, the district court made a finding that consent was voluntary.
 
 
 3
 Our review of whether consent to search is voluntary is a question of fact to be determined in light of the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973); United States v. Butler, 966 F.2d 559, 562 (10th Cir.1992). As such, the trial court's factual findings on the voluntariness of consent are to be reviewed under the clearly erroneous standard. Butler, 966 F.2d at 562.
 
 
 4
 The government bears the burden of proving that there was neither express nor implied duress or coercion, that there was unequivocal and specific consent, and that that consent was freely and intelligently given. United States v. Price, 925 F.2d 1268, 1270-71 (10th Cir.1991). There is no evidence of coercion. The trial court found that Mr. Garcia-Salazar not only had verbally consented, but also had helped the agent inspect the vehicle by opening the rear of the car. The district court further found that Mr. Garcia-Salazar then gave the agents consent to run the dog. Although Mr. Garcia-Salazar denies giving his consent to search, his assistance in the search could be considered indicia of consent by the district court. See United States v. Soto, 988 F.2d 1548, 1558 (10th Cir.1993). The district court's finding of voluntariness is not clearly erroneous.
 
 
 5
 In light of this determination, the subsequent search of the vehicle was supported by probable cause. The parties disputed whether the trained dog first alerted outside (which does not constitute a "search," see United States v. Place, 462 U.S. 696, 707 (1983); United States v. Morales-Zamora, 914 F.2d 200, 203 (10th Cir.1990)) or inside the vehicle. The district court found that Mr. Garcia-Salazar consented to the agent's running of the dog, thus obviating a determination of where the dog first alerted. That finding of consent is not clearly erroneous. Once Mr. Garcia-Salazar consented to the use of the dog and the dog alerted to the vehicle, the agents had probable cause to search the compartment inside the vehicle. See United States v. Pinedo-Montoya, 966 F.2d 591, 594.
 
 
 6
 AFFIRMED.
 
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3